IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DANYELLE M. REEVES and
SAMUEL T. OSADEME,

        Plaintiffs,

v.

NATIONSTAR MORTGAGE, LLC,
and JOHN DOES, 1-4,

        Defendants.

1:14-cv-1395-WSD

## OPINION AND ORDER

This matter is before the Court on Defendant[1] Nationstar Mortgage, LLC's ("Defendant" or "Nationstar") Motion to Dismiss [3] Plaintiffs Danyelle Reeves ("Reeves") and Samuel T. Osademe's ("Osademe") (together, "Plaintiffs") Complaint [1.1 at 3-44], and Defendant's Motion to Dismiss [7] Plaintiff's Amended Complaint [6]. Because Plaintiffs filed their Amended Complaint, Defendant's Motion to Dismiss [3] their original Complaint is denied as moot.

---

[1] Plaintiffs also name as defendants "John Does 1-4," who "represent any other individuals or entities which claim an interest in the Property . . . and whom are yet are [sic] unidentified." (Am. Compl. ¶ 3). Fictitious-party pleading is not permitted in federal court, unless a plaintiff's description of the defendants is specific enough to identify those defendants. Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010). Plaintiffs have not described the John Doe defendants with any particularity and Plaintiffs' claims against John Does 1-4 are dismissed.

I. **BACKGROUND**

On February 8, 2007, Reeves[2] obtained a loan in the amount of $487,000 from First Magnus Financial Corporation ("First Magnus"). (Am. Compl. ¶ 5). Repayment of the loan was secured by a deed ("Security Deed") to real property located at 1202 Jimson Circle S.E., Conyers, Georgia (the "Property"). (Id.). Reeves executed the Security Deed in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for First Magnus and First Magnus's successors and assigns. (Id.; Security Deed [3.2] at 1). Under the terms of the Security Deed, Reeves "granted to MERS (solely as nominee for [First Magnus] and [First Magnus's] successors and assigns) and the successors and assigns of MERS, with power of sale, the [Property]." (Security Deed at 3).

At some point, Reeves defaulted on her loan obligations and the Property was scheduled to be sold at a foreclosure sale on June 2, 2009.

On May 20, 2009, Reeves executed a Quitclaim Deed conveying the Property to Osademe and herself. (Am. Compl. ¶ 8; Quitclaim Deed [3.5]).

On June 2, 2009, Osademe filed a petition for relief under Chapter 13 of the Bankruptcy Code. In re Osademe, No. 09-74243-mhm (Bankr. N.D. Ga.).

---

[2]   Osademe was not a party to the loan or Security Deed.

Also on June 2, 2009, MERS sold the Property at a foreclosure sale and executed a Foreclosure Deed ("2009 Foreclosure Deed") [7.7] conveying the Property to a third-party purchaser.  On June 28, 2011, MERS's foreclosure counsel recorded, in the Superior Court of Rockdale County, an Affidavit Affecting Title to Land, which stated that, "[d]ue to the [bankruptcy] stay being imposed prior to the foreclosure sale, the [2009] Foreclosure Deed should be considered void as a matter of law."  (Am. Compl. ¶ 9; Aff. of Title to Land [7.8]).

On September 22, 2011, MERS, as nominee for First Magnus, assigned the Security Deed to Aurora Bank FSB ("Aurora").  (Am. Compl. ¶ 6; First Assignment [3.4]).

On June 28, 2012, Aurora assigned its rights under the Security Deed to Nationstar, effective July 1, 2012.  (Am. Compl. ¶ 7; Second Assignment [3.3]).

On November 12, 2013, McCurdy & Candler, on behalf of Nationstar, sent Plaintiff a letter stating that Plaintiff defaulted on her loan obligations and that Nationstar would conduct a foreclosure sale of the Property on January 7, 2014. (Compl. at Ex. F [1.1 at 56-58]).

On January 7, 2014, Nationstar sold the Property at a foreclosure sale.  (Am. Compl. ¶ 9).

On March 19, 2015, Plaintiffs, proceeding *pro se*, filed their Complaint in the Superior Court of Rockdale County, Georgia. Plaintiffs asserted a claim for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and variety of state law claims based on perceived defects in the assignment and recordation of their mortgage and their assertion that Defendant wrongfully foreclosed on the Property.

On May 8, 2014, Defendant removed the Rockdale County Action to this Court on the basis of federal question jurisdiction. (Notice of Removal [1]).

On May 15, 2014, Defendant moved to dismiss Plaintiff's Complaint for failure to state a claim [3].

On June 2, 2014, in response to Defendant's Motion, Plaintiffs filed their Amended Complaint, asserting claims for (1) wrongful foreclosure; (2) declaratory relief; and (3) quiet title. Plaintiffs seek to set aside the foreclosure sale, to enjoin "[a]ny attempts to dispossess or evict Plaintiffs from the Property," and to quiet title to the Property. Plaintiffs also seek a declaration that Defendant lacks authority to foreclose on the Property, that foreclosure was wrongful, and that Defendant lacks authority to dispossess Plaintiffs from the Property.

On June 18, 2014, Defendants moved to dismiss Plaintiff's Amended Complaint.

## II. DISCUSSION

### A. Legal Standard

Dismissal of a complaint, pursuant to Rule 12(b)(6), is appropriate "when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993). In considering a motion to dismiss, the Court accepts the plaintiff's allegations as true and considers the allegations in the complaint in the light most favorable to the plaintiff. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1295 (11th Cir. 2007); see also Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999). The Court is not required to accept a plaintiff's legal conclusions as true. See Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)), abrogated on other grounds by Mohamad v. Palestinian Auth., — U.S. —, 132 S. Ct. 1702 (2012). The Court also will not "accept as true a legal conclusion couched as a factual allegation." See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint, ultimately, is required to contain "enough facts to state

a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.[3]

To state a plausible claim for relief, the plaintiff must plead factual content that "allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Plausibility" requires more than a "sheer possibility that a defendant has acted unlawfully," and a complaint that alleges facts that are "merely consistent with" liability "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. (citing Twombly, 550 U.S. at 557); see also Arthur v. JP Morgan Chase Bank, NA, 569 F. App'x 669, 680 (11th Cir. 2014) (noting that Conley's "no set of facts" standard has been overruled by Twombly, and a complaint must contain "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."). "A complaint is insufficient if it 'tenders naked assertions devoid of further factual enhancement.'" Tropic Ocean Airways, Inc. v. Floyd, — F. App'x —, No. 14-12424, 2014 WL 7373625, at *1 (11th Cir. Dec. 30, 2014) (quoting Iqbal, 556 U.S. at 678).

---

[3] The Supreme Court explicitly rejected its earlier formulation for the Rule 12(b)(6) pleading standard: "'[T]he accepted rule [is] that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Twombly, 550 U.S. at 577 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

"To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions; they are required to allege some specific factual bases for those conclusions or face dismissal of their claims." Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1263 (11th Cir. 2004); see also White v. Bank of America, NA, — F. App'x —, No. 14-10318, 2014 WL 7356447, at *2 (11th Cir. Dec. 29, 2014) ("[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal.") (quoting Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002)).

Complaints filed *pro se* are to be liberally construed and are "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted). Nevertheless, a *pro se* plaintiff must comply with the threshold requirements of the Federal Rules of Civil Procedure. "Even though a *pro se* complaint should be construed liberally, a *pro se* complaint still must state a claim upon which the Court can grant relief." Grigsby v. Thomas, 506 F. Supp. 2d 26, 28 (D.D.C. 2007). "[A] district court does not have license to rewrite a deficient pleading." Osahar v. U.S. Postal Serv., 297 F. App'x 863, 864 (11th Cir. 2008).

B.   Analysis

The crux of Plaintiffs' claims is that Nationstar lacked authority to foreclose on the Property. It is undisputed that Reeves executed the Security Deed and granted to MERS, as nominee for First Magnus and First Magnus's successors and assigns, title to the Property, with the power of sale. On September 22, 2011, MERS assigned its rights under the Security Deed to Aurora, and on June 28, 2012, Aurora assigned its rights under the Security Deed to Nationstar. Nationstar is thus entitled to exercise the power of sale in the Security Deed. See O.C.G.A. § 23-2-114 ("[u]nless the instrument creating the power specifically provides to the contrary, a . . . successor of the grantee in a mortgage, deed of trust, deed to secure debt, . . . or other like instrument, or an assignee thereof, . . . or successor may exercise any power therein contained.").

Plaintiffs argue that the First Assignment, from MERS to Aurora, is not valid because it was executed by Stacy Sandoz, who "in fact is an employee for Aurora, and had no authority to execute the [First] Assignment on behalf of MERS." (Am. Compl. ¶ 6). Plaintiffs are not parties to the Assignment and they therefore lack standing to challenge its validity. See Montgomery v. Bank of Am., 740 S.E.2d 434, 436 (Ga. Ct. App. 2013) (because assignment of security deed was contractual, plaintiff lacked standing to contest its validity because he was not a

party to the assignment) (citing O.C.G.A. § 9-2-20(a), which provides that an action based on a contract can be brought only by a party to the contract); Edward v. BAC Home Loans Serv., L.P., 534 F. App'x 888, 891 (11th Cir. 2013) (citing Montgomery).[4]  Even if they had standing to challenge it, the First Assignment is signed by Sandoz as Vice-President of MERS and it contains the signatures of two witnesses, the MERS corporate seal and a notary jurat.  In Georgia, the transfer of a security deed by a corporate officer, including a vice president, is conclusive evidence that officer occupies the position indicated, that the officer's signature is genuine, and that the execution of the instrument on behalf of the corporation has been duly authorized.  See O.C.G.A. § 14-5-7(b).

---

[4]  To the extent Plaintiffs, in their Response, rely on Minnifield v. Johnson, No. 1:10-cv-9-TWT, 2012 WL 5463878 (N.D. Ga. Nov. 7, 2012), to support that they have standing to challenge the First Assignment "in order to show that a defense to an attempt to assert an interest in the [P]roperty exists," Plaintiffs' reliance is misplaced.  In Minnifield, the plaintiff did not challenge whether an assignment was valid, but rather argued that she executed her security deed in favor of Argent, her original lender, and that a third party, Ameriquest, may have assigned the security deed to a another entity without first having received an assignment from Argent.  The court in Minnifield recognized that the plaintiff's argument in that case was "fundamentally different from one by a plaintiff who, faced with a record of the assignment and assignor's consent to transfer, argues that the assignment was invalid under, for example, the terms of a pooling agreement."  Minnifield, 2012 WL 5463878, at *3.  Here, unlike in Minnifield, the undisputed evidence shows that Reeves executed the Security Deed in favor of MERS, that MERS assigned the Security Deed to Aurora, and that Aurora assigned the Security Deed to Nationstar.  Plaintiffs merely contend that the First Assignment was not valid because Sandoz was not authorized to execute the First Assignment on behalf of MERS.  Minnifield does not apply.

Plaintiffs have not, and cannot, state a viable claim for relief under any legal theory based on Defendant's alleged lack of authority to foreclose on the Property. Insofar as Plaintiffs' claims for wrongful foreclosure,[5] declaratory relief and quiet title are based on Defendant's alleged lack of authority to foreclose on the Property, Plaintiffs' claims are required to be dismissed.[6]

---

[5] Plaintiffs do not allege, and it does not appear, that Reeves is current on her loan obligations. Failure to make the proper loan payments or tender the amount due defeats any claim for wrongful foreclosure. See Harvey v. Deutsche Bank Nat'l Trust Co., No. 1:12-cv-1612, 2012 WL 3516477, at *2 (N.D. Ga. Aug. 14, 2012) ("When the borrower cannot show that the alleged injury is attributable to the lender's acts or omissions, the borrower has no claim for wrongful foreclosure."); Heritage Creek Dev. Corp. v. Colonial Bank, 601 S.E. 2d 842 (Ga. Ct. App. 2004) (plaintiff's injury was "solely attributable to its own acts or omissions both before and after the foreclosure" because it defaulted on its loan payments, failed to cure default, and did not bid on property at foreclosure sale).

To the extent Plaintiffs appear to argue that foreclosure was wrongful because Defendant foreclosed on the Property while allowing Plaintiffs to pursue a loan modification, this argument has been repeatedly rejected under Georgia law. See, e.g., Moore v. McCalla Raymer, LLC, 916 F. Supp. 2d 1332, 1343 (N.D. Ga. 2013) (seeking a loan modification is not enough to support cause of action for wrongful foreclosure); Freeman v. Wells Fargo Bank, N.A., No. 1:12-cv-2854-RWS, 2013 WL 2637121, at *4 (N.D. Ga. June 11, 2013) (seeking a loan modification does not excuse plaintiff from his obligation to make his loan payments); Chadwick v. Bank of Am., N.A., No. 1:12-cv-3532-TWT, 2014 WL 4449833, at *5 n.71 (N.D. Ga. Sept. 9, 2014) ("The Plaintiff cites the National Mortgage Settlement and RESPA as condemning the practice of dual tracking, but fails to cite any precedent from this jurisdiction that forbids pursuing modification and foreclosure at the same time."). Plaintiffs' wrongful foreclosure claim is required to be dismissed for these additional reasons.

[6] To the extent Plaintiffs seek to enjoin the dispossessory proceedings in state court, the Court is unable to provide Plaintiff the relief they seek. Under the Anti-Injunction Act, "[a] court of the United States may not grant an injunction to

Plaintiffs also are not entitled to relief on their claim for quiet title because any right to legal title to the Property they have is subordinate to Nationstar's rights under the Security Deed. See Smith v. Georgia Kaolin Co., Inc., 498 S.E.2d 266, 267-68 (Ga. 1998) (In an action for quiet title, "a plaintiff must assert that he holds some current record title or current prescriptive title, in order to maintain his suit."). When Reeves executed the Security Deed, she granted to First Magnus, and First Magnus's successors and assigns, legal title to the Property until the debt secured by the Security Deed is paid in full. Reeves retained only the equitable right of redemption and the right of possession. See O.C.G.A. § 14-44-60 ("[T]he conveyance of real or personal property shall pass the title of the property to the grantee until the debt or debts which the conveyance was made to secure shall be fully paid . . . with the right reserved by the grantor to have the property reconveyed to him upon the payment of the debt . . . ."); see also McCarter v. Bankers Trust Co., 543 S.E.2d 755, 757 (Ga. Ct. App. 2000). Reeves does not allege that she satisfied her loan obligations, and Plaintiffs therefore lack current record title or current prescriptive title to the Property. Plaintiffs' claim for quiet title is required to be dismissed for this additional reason.

---

stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." See 28 U.S.C. § 2283.

### III.  CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Nationstar Mortgage, LLC's Motion to Dismiss [3] Plaintiffs' original Complaint is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss [7] Plaintiff's Amended Complaint is **GRANTED.**

**SO ORDERED** this 2nd day of March, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE